THE STATE v. WAGSTER, *Appellant.*

**Horse-racing in Public Road:** INDICTMENT: EVIDENCE. An indictment for running a horse-race in a public road, will be supported by proof that defendant procured another to ride his horse in the race. R. S. 1879, § 1531.

*Appeal from Dunklin Circuit Court.* — HON. R. P. OWEN, Judge.

AFFIRMED.

*Houck & Fisher* for appellant.

*D. H. McIntyre*, Attorney General, for the State, cited 1 Bishop Crim. Law, (6 Ed.) § 685 ; *Stratton v. State*, 45 Ind. 468; *U. S. v. Mills*, 7 Pet. 138; *Sanders v. State*, 18 Ark. 198; 54 Barb. 299; 12 Sm. & M. 58.

HENRY, J.—The appellant and one Crockett were jointly indicted for running a horse-race in a public road, in the county of Dunklin, and on a trial, appellant was convicted and fined $10, and has appealed from the judgment. The evidence proved that the parties indicted made the race, and that Crockett rode his own horse, but that appellant's horse was ridden by one Jones, whom appellant employed to ride for him. There is nothing in the point that this evidence did not support the charge in the indictment, "that Wagster and Crockett made and ran the race." It would be an easy matter to evade the statute if such a subterfuge was countenanced. Wagster made and ran the race, although Jones rode his horse. He was just as guilty as if he, instead of Jones, had ridden his horse. Horses might be trained to run races without riders, and, if turned loose on a public road, to run a race, the parties who made them would be as guilty as if the horses were ridden in the race. It is not necessary to cite the numerous authorities to the effect, that, in misdemeanors, all who procure or participate in their commission are principals. A few will suffice. *Lowenstein v. People*, 54 Barb. 299; *Williams v. State*, 12 Sm. & M. 58. The judgment is affirmed. All concur.