SILAS H. PUCKET Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 3, 1887.

1. RAILROADS—DAMAGE TO CATTLE—CAUSE OF ACTION.—The killing or injuring of a number of cattle at the same time by railroad cars constitutes but one cause of action, but when they are thus killed

or injured · at different times, each injury constitutes a separate cause of action.

2. APPELLATE PRACTICE—REMITTITUR.—The respondent may, on appeal, remit the erroneous part of a recovery and save a new trial, where the judgment is severable, a part being clearly right and a part erroneous.

APPEAL from the St. Francois County Circuit Court, JAMES D. Fox, Judge.

*Affirmed in part.*

HENRY G. HERBEL, for the appellant: The court erred in overruling the defendant's objections to the introduction of any evidence. *Gas Light Co. v. St. Louis*, 86 Mo. 495. And in not compelling the plaintiff to elect. *Bricker v. Railroad*, 83 Mo. 391. The verdict and judgment comprehended two causes of action. *Bricker v. Railroad*, 83 Mo. 391.

W. R. TAYLOR, for the respondent: Upon a *remittitur* of the excess, the judgment should be affirmed. *Higgs v. Hunt*, 75 Mo. 106 ; *Beckwith v. Boyer*, 12 Mo. 440 ; *Miller v. Hardin*, 64 Mo. 545 ; *Sharpe v. Johnston*, 76 Mo. 660 ; *Wade v. Railroad*, 78 Mo. 362 ; *Kimes v. Railroad*, 85 Mo. 611.

ROMBAUER, J., delivered the opinion of the court.

This is an action for double damages under section 809, Revised Statutes, for killing stock.

The statement alleges that the defendant, on the eighth day of November, 1885, ran one of its trains over and killed one cow, two steers, and a hog, belonging to the plaintiff, on its road, which runs through his farm, and that the aggregate value of said stock was $77.50.

At the trial, in the circuit court, the defendant objected to the introduction of any evidence, on the ground that the petition did not state facts sufficient to constitute a cause of action, and moved the court to require the plaintiff to elect upon which of the causes of

action stated in his complaint he would proceed to trial, which objections and motion were, by the court, overruled, and the defendant duly excepted.

The plaintiff's evidence showed that the stock was killed by the defendant's trains at a point on its road where it was required by law to fence ; that the cow and the steers were killed at the same time, but the hog was killed a few days before.

The defendant offered no evidence, and there were no instructions offered or given. The jury returned a verdict for the plaintiff for seventy-five dollars, on which a judgment for double said amount was entered by the court.

The errors assigned are : (1) The court erred in overruling the defendant's objections to the introduction of any evidence. (2) The court erred in overruling the defendant's motion to compel the plaintiff to elect upon which of the causes of action, stated in his petition, he would proceed to trial. (3) The verdict and judgment are erroneous, because they comprehend two separate and distinct causes of action.

The first two objections are untenable. The statement alleged the killing of all the cattle as having occurred at one time, and contained only one cause of action. In *Bricker v. Railroad* (83 Mo. 392), the killing was alleged to have been done on different occasions, and the court justly held constituted several causes of action. When, however, it appeared in evidence here that the hog was killed on a different day from the rest of the stock, the court should have compelled the plaintiff to elect as to which trespass he would proceed for.

The failure of the court to do so was error, and rendered its judgment erroneous. This error, however, affects only part of the recovery. The plaintiff claims that he offered to remit in the trial court, before entry of judgment, the amount of $2.50, representing the value of the hog, but that the court failed to take the *remittitur* into account in entering its judgment. The

plaintiff now offers to remit in this court the sum of five dollars, representing the double value of the hog as claimed, and there is no reason why he should not be permitted to do so.

. No other error being shown the judgment will, in conformity with the ruling of the supreme court in *The State v. Wagster* (75 Mo. 107), be affirmed for one hundred and forty-five dollars, being the residue, after such *remittitur* is credited, the plaintiff to pay the costs of this appeal. Judge Thompson concurs. Judge Lewis is absent.